UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSE BARBERAN,

                 Plaintiff,                 Case No: 07-CV-8821(CLB) (MDF)

   -against-

WORLD SAVINGS BANK, FSB, a/k/a
WORLD SAVINGS BANK, FSB, A FEDERAL
SAVINGS BANK, ISAOA; UNKNOWN
OWNERS OF THE EVIDENCE OF THE
DEBT and/or OWNERS OF THE NOTE,

                 Defendants.

WORLD SAVINGS BANK, FSB,

                 Defendant
                 and Third-Party Plaintiff      **ANSWER TO DEFENDANT'S/**
                                                          **THIRD-PARTY PLAINTIFF'S**
   -against-                                       **COMPLAINT**

MONARCH MORTGAGE SERVICES, LLC
and ADAM C. KANDELL

                 Third-Party Defendants

------------------------------------------------------------------ x

      Third-Party Defendant ADAM C. KANDELL (hereinafter, the "Answering Defendant") by and through his attorneys, Kaufman Borgeest & Ryan LLP, as and for his Answer to Defendant/Third-Party Plaintiff's Complaint dated December 21, 2007, responds upon information and belief as follows:

## PARTIES AND JURISDICTION

      1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Third-Party Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Third-Party Complaint.

3. Denies the allegations contained in paragraph "3" of the Third-Party Complaint as Answering Defendant is domiciled in the state of New Jersey.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Third-Party Complaint and respectfully refers all questions of law to the Court for judicial determination.

## AS AND FOR A CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST MONARCH MORTGAGE

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Third-Party Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Third-Party Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Third-Party Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Third-Party Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Third-Party Complaint and respectfully refers to the Court the First-Party Complaint, which it speaks for itself.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Third-Party Complaint and respectfully refers all questions of law to the Court for judicial determination.

690615-1

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST MONARCH MORTGAGE

11. In response to paragraph "11" of the Third-Party Complaint defendant repeats, reiterates and realleges each and every admission, denial and denial of truth of each and every allegation contained in paragraphs "1" through and including "10" of the Third-Party Complaint with the same force and effect as though more fully set forth at length herein.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Third-Party Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Third-Party Complaint.

14. Denies each and every allegation contained in paragraph "14" of the Third-Party Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Third-Party Complaint and respectfully refers all questions of law to the Court for judicial determination.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST ADAM C. KANDELL

16. In response to paragraph "16" of the Third-Party Complaint defendant repeats, reiterates and realleges each and every admission, denial and denial of truth of each and every allegation contained in paragraphs "1" through and including "15" of the Third-Party Complaint with the same force and effect as though more fully set forth at length herein.

690615-1

17. With respect to paragraph "17" of the Third-Party Complaint, Answering Defendant admits that he entered into the agreement to act as closing agent in closing the plaintiff's mortgage loan transaction, but denies the remainder of the allegations.

18. With respect to paragraph "18" of the Third-Party Complaint, the Answering Defendant respectfully refers the Court to the "Closing Agent Agreement" referred to therein as it speaks for itself.

19. With respect to paragraph "19" of the Third-Party Complaint, the Answering Defendant respectfully refers the Court to the "Closing Agent Agreement" referred to therein as it speaks for itself.

20. With respect to paragraph "20" of the Third-Party Complaint, the Answering Defendant respectfully refers the Court to the "Closing Agent Agreement" referred to therein as it speaks for itself.

21. Denies each and every allegation contained in paragraph "21" of the Third-Party Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Third-Party Complaint.

23. Denies each and every allegation contained in paragraph "23" of the Third-Party Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Third-Party Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Third-Party Complaint.

690615-1

26. Denies each and every allegation contained in paragraph "26" of the Third-Party Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR BREACH OF CONTRACT OF AGENCY AGAINST ADAM C. KANDELL

27. In response to paragraph "27" of the Third-Party Complaint defendant repeats, reiterates and realleges each and every admission, denial and denial of truth of each and every allegation contained in paragraphs "1" through and including "26" of the Third-Party Complaint with the same force and effect as though more fully set forth at length herein.

28. With respect to paragraph "28" of the Third-Party Complaint, Answering Defendant admits that he acted as a closing agent for WSB, however, denies the remaining allegations set forth therein.

29. Denies each and every allegation contained in paragraph "29" of the Third-Party Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Third-Party Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Third-Party Plaintiff's Complaint fails to state a cause of action against the Answering Defendant, for which relief may be granted, and should be dismissed.

690615-1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Third-Party Plaintiff's Complaint fails to establish that the Answering Defendant's conduct fell below the applicable standard of care.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. The Answering Defendant exercised due care and diligence in all matters alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. If any damages were sustained by Third-Party Plaintiff as alleged in the Third-Party Complaint, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care and other culpable conduct and/or comparative negligence of the Third-Party Plaintiff and/or persons other than the Answering Defendant, without similar acts of the Answering Defendant contributing thereto, and as a consequence thereof the Third-Party Plaintiff's damages should be reduced by the proportion of the Third-Party Plaintiff's or other persons' culpable conduct which caused the alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Any damages sustained by the Third-Party Plaintiff are as a result of the acts or omissions of third persons or entities over which the Answering Defendant exercised no control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37. Third-Party Plaintiff has failed to join all necessary parties to this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38. Third-Party Plaintiff's claims are barred by the doctrine(s) of waiver, estoppel, laches, and/or unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39. The Answering Defendant's alleged actions and/or omissions were ratified by Plaintiff and/or Third-Party Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40. The Answering Defendant was not the proximate cause of Third-Party Plaintiff's alleged damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41. The Complaint fails to establish actionable damages resulting from the Answering Defendant's alleged acts/omissions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42. Third-Party Plaintiff has failed to mitigate its damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

43. Third-Party Plaintiff's claims must be dismissed as plaintiff lacks standing to sue the Answering Defendant.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

44. Documentary evidence contradicts the factual allegations pled in the Third-Party Plaintiff's Complaint and provides a complete defense.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

45. Third-Party Plaintiff's claims are barred by applicable statute of limitations.

**WHEREFORE** Third-Party Defendant ADAM C. KANDELL hereby demands judgment dismissing the Third-Party Plaintiff's Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as this Court may seem just, proper and equitable.

Dated: New York, New York
February 25, 2008

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
A. Michael Furman, Esq.
Andrew S. Kowlowitz, Esq.
*Attorneys for Third-Party Defendant*
*ADAM C. KANDELL*
99 Park Avenue
New York, New York 10016
Telephone: (212) 980-9600
File No.: 210.043

TO: John A. Nocera
Rosner, Nocera & Ragone, LLP
Attorney for Third-Party Plaintiff,
*World Savings Bank, FSB*
110 Wall Street, 23rd Floor
New York, New York 10005
Telephone No.: (212) 635-2244
E-Mail: jfoudy@rnrlawgroup.com

John P. Foudy
Rosner, Nocera & Ragone, LLP
Attorney for Third-Party Plaintiff,
*World Savings Bank, FSB*
110 Wall Street, 23rd Floor
New York, New York 10005

Telephone No.: (212) 635-2244
E-Mail: jfoudy@rnrlawgroup.com

Jose Barberan
*Plaintiff Pro Se*
72 N. State Road Box 103
Briarcliff Manor, New York 10510
Telephone No.: (914) 432-3059

Michael Belitsis
Donohue, McGahan & Catalano
Attorney for Defendant,
*World Savings Bank, FSB*
555 North Broadway
Jericho, New York 11753
Telephone No.: (516) 681-3100
Fax No.: (516) 681-5357
E-Mail: mbelitsis@jericholaw.com

690615-1