UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSE BARBERAN,

                                                 07 CIV 8821 (CLB)(MDF)

                Plaintiff,

                                           REPORT AND RECOMMENDATION

   -against-


WORLD SAVINGS BANK, FSB a/k/a WORLD
SAVINGS BANK FSB, A FEDERAL SAVINGS
BANK, ISAOA; UNKNOWN OWNERS OF THE
EVIDENCE OF THE DEBT and/or OWNERS OF
THE NOTE,

                Defendants.
------------------------------------------------------------------X
WORLD SAVINGS BANK, FSB,


                Third-Party Plaintiff,

   -against-


MONARCH MORTGAGE SERVICES, LLC and
ADAM C. KANDELL,

                Third-Party Defendants.
------------------------------------------------------------------X
TO:  THE HONORABLE CHARLES L. BRIEANT, U.S.D.J.

      Plaintiff Jose Barberan proceeds *pro se* in this action against Defendant World Savings

Bank, FSB ("WSB" or "Defendant") seeking to quiet title to the premises known as 16 Forest

Avenue, Ossining, New York 10562, and alleging violation of the Truth in Lending Act, 15

U.S.C. § 1601 et seq. ("TILA") and breach of contract.  Now before me is Plaintiff's motion for

leave to amend the complaint to add his son, James Barberan, as a plaintiff. Docket No. 19. For the reasons that follow, I respectfully recommend that the motion be denied.

## BACKGROUND

**A.   The Complaint**

In the complaint, Plaintiff contests Defendant's "claim" that in November, 2004, WSB loaned the sum of $255,000 to Plaintiff, and that Plaintiff executed a note and mortgage securing that loan against the property located at 16 Forest Avenue in Ossining, New York. Compl. ¶¶ 11, 16. Plaintiff alleges that the mortgage loan transaction is void because he never signed it, and because the terms of the mortgage were not truthfully disclosed to him in violation of TILA. *Id.* ¶¶ 17, 19, 25. He further alleges that on September 21, 2007, he mailed to Defendant a "Notice of Cancellation" which identified the loan and stated his intention to cancel it. *Id.* ¶ 29.

Plaintiff seeks, *inter alia*, a declaratory judgment that he has clear title to the property, free from any encumbrances by Defendant. Plaintiff also asks the Court to order Defendant "to rescind and cancel the alleged contract," and to "return to Plaintiff any and all of their original signed documents." *Id.* ¶¶ 56-57.

**B.   Procedural History**

On October 12, 2007, Plaintiff commenced this action by filing a summons and complaint. After Defendant answered the complaint in December, 2007,[1] both parties failed to appear for the initial conference scheduled before me on January 24, 2008. The conference was

---

[1] On December 21, 2007, Defendant also filed a third-party complaint against Monarch Mortgage Services, LLC, the mortgage broker involved with the subject loan, and against Adam C. Kandell, the attorney acting as closing agent for the mortgage loan transaction. Docket No. 6.

accordingly rescheduled for January 31, 2008, and both parties were warned that further failures to appear could result in sanctions or dismissal.

At the January 31, 2008 conference, Plaintiff's son, James Barberan, attempted to appear on Plaintiff's behalf. James Barberan advised the Court that he was acting on behalf of his father pursuant to a power of attorney.[2] The Court then adjourned the proceeding until February 28, 2008, pending a determination as to whether James Barberan could appear on behalf of his father.

On February 27, 2008, the day before the parties were scheduled to appear, Plaintiff purportedly conveyed a five percent interest in the subject premises to James Barberan by quitclaim deed. *See* Pl.'s Mot. to Am., Ex. A. The deed appears to have been filed with the Office of the Westchester County Clerk on the same day. Also on the same day, Plaintiff moved for leave to amend the complaint to add James Barberan as a plaintiff.[3]

## DISCUSSION

**A.    Self-Representation**

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Second Circuit has interpreted this statute to mean that in federal court, a claimant is entitled to two types of representation: "that

---

[2] The Court has received no documentary evidence showing that James Barberan possesses power of attorney over Plaintiff.

[3] Other than the names in the caption and certain pronouns, the proposed amended complaint appears identical to the original complaint.

by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citations and internal quotations omitted)). While a "litigant in federal court has a right to act as his or her own counsel," *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990), "a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also O'Reilly v. New York Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982). Moreover, "New York law 'prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attorney.'" *Mandeville v. Wertheimer,* No. 01 Civ. 4469, 2002 WL 432689, at *2 (S.D.N.Y. Mar. 19, 2002) (quoting *People ex rel. Field on Behalf of Field v. Cronshaw*, 526 N.Y.S.2d 579 (2d Dep't 1988)).

Here, if Plaintiff has a claim that requires adjudication, he is entitled either to represent himself or to the assistance of counsel. Plaintiff's son, a non-attorney, cannot appear before this Court on behalf of his father pursuant to a purported power of attorney.[4]

**B.   Leave to Amend**

Generally, "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). While "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," a motion to amend should

---

[4] Indeed, it is not in Plaintiff's interest that he be represented by his son, who cannot provide trained legal assistance. *Cf. Cheung*, 906 F.2d at 61 (finding that it is not in the interest of minors that they be represented by non-attorney guardians).

nevertheless be denied for reasons such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Dluhos v. Floating and Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998) (citations omitted). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 20(a) permits the addition of plaintiffs if they assert any right to relief jointly, severally or in the alternative with respect to or arising out of the same transaction or occurrence (or series of transactions or occurrences), and if any question of law or fact common to all plaintiffs will arise in the action. The phrase "same transaction or occurrence" is interpreted to include "all logically related claims by or against different parties to be tried in a single proceeding." *Lai v. Eastpoint Int'l, Inc.*, No. 99 Civ. 2095, 1999 WL 688466, at *2 (S.D.N.Y. Sept. 1, 1999) (citation and internal quotations omitted).

Here, Plaintiff seeks to add James Barberan as a plaintiff in this action pursuant to a quitclaim deed, purportedly executed on February 27, 2008, by which Plaintiff claims to have conveyed to James Barberan a five percent interest in the subject premises. Plaintiff asserts that James Barberan "has been damaged by the acts of the Defendants," and that his ownership interest "is put in peril by Defendant's failure to honor the rescission." Pl.'s Resp. to Def.'s Mem. in Opp. to Pl.'s Mot., Apr. 24, 2008 ("Pl.'s Resp.") at 1. However, by Plaintiff's own allegations, Defendant's wrongdoing took place well before February 27, 2008, upon the initial execution of the mortgage in November, 2004, and in September, 2007, when WSB refused to honor Plaintiff's so-called "Notice of [Loan] Cancellation." Compl. ¶¶ 16-19, 29-31. Notwithstanding James Barberan's purported (and recent) ownership interest in the property, he

5

is a stranger to the mortgage loan transaction complained of. Accordingly, he cannot assert a claim challenging the validity of that mortgage. *See*, *e.g.*, *Perla v. Real Prop. Solutions Corp.*, No. 3912/07, 2008 WL 1849860, at *7 (N.Y. Sup. Apr. 28, 2008) (stranger to the mortgage has no standing to allege that the loan is invalid); *see also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (litigant's injury must be fairly traceable to the challenged action in order to establish standing).

It bears emphasis, moreover, that the purported conveyance was executed well after the series of transactions and occurrences complained of by Plaintiff and during the pendency of this litigation – specifically, after this Court questioned James Barberan's authority to appear on behalf of his father and before any ruling thereon. Such an eleventh-hour endeavor by Plaintiff to bring his son into this proceeding should not be endorsed by this Court as a means by which to circumvent the well-settled principle that "a person may not appear on another person's behalf in the other's cause." *Iannaccone*, 142 F.3d at 558.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the motion for leave to amend the complaint to add James Barberan as a plaintiff be denied.[5]

---

[5] Notably, even if James Barberan could be properly added as a plaintiff, it appears that the sole recognizable claim he seeks to assert – rescission of the loan transaction pursuant to 15 U.S.C. § 1635 (*see* Pl.'s Resp. at 1-3) – would be futile. The allegations in the complaint suggest that the mortgage at issue is a residential mortgage. *See* Compl. ¶¶ 1, 12. Recission, however, "is not an available remedy for residential mortgages." *Eubanks v. Liberty Mortgage Banking*, 976 F. Supp. 171, 174 (E.D.N.Y. 1997) (citing TILA 15 U.S.C. § 1635(e)(1)); *see also Van Pier v. Long Island Sav. Bank, FSB*, 20 F. Supp. 2d 535, 537 (S.D.N.Y. 1998).

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days (*see* Fed. R. Civ. P. 6(a)), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Charles L. Brieant, at the United States Courthouse, 300 Quarropas Street, Room 275, White Plains, New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York, 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Brieant. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert denied*, 506 U.S. 1038 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Brieant and should not be made to the undersigned.

IT IS SO ORDERED.

Dated: July __, 2008
White Plains, New York

Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

7

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Charles L. Brieant, U.S.D.J.

Jose Barberan
72 N. State Road
Box 103
Briarcliff Manor, New York 10510

Michael Belitsis
Donohue, McGahan, Catalano & Belitsis
555 North Broadway
P.O. Box 350
Jericho, New York 11753

John P. Foudy
Rosner, Nocera & Ragone, LLP
110 Wall Street, 23rd Floor
New York, New York 10005

Andrew S. Kolowitz
Furman Kornfeld, & Brennan LLP
545 Fifth Avenue
New York, New York 10017

Richard A. Rosenzweig
Menicucci, Villa and Associates, PLLC
2040 Victory Boulevard
Staten Island, New York 10314